## JOHN M. MACK

### *v.*

## COMMISSIONERS OF HIGHWAYS.

HIGHWAYS—*location of, near town line.* *Held*, that the location of a highway by road commissioners, near to a town line, but wholly within the town, and not on the line and partly within both towns, is authorized to be done by the commissioners of the town in which the road is located. That in such case it does not require the joint action of the highway commissioners of both towns; otherwise, when it is located on the town line, and partly in each, as then it becomes a road common to both bodies, and under the joint control of the two, and it must be located and maintained under the provisions of the 85th section of the township organization law of 1861.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was a petition for a writ of *certiorari*, filed by John M. Mack, in the Winnebago Circuit Court, against the highway commissioners of the town of Seward, in the county of Winnebago, and State of Illinois, to compel them to certify the record of the location of a public highway in that town. The writ was awarded, returnable on the 17th day of February, 1862.

The commissioners made return, and it was agreed that they had located a public highway in the town, two miles in length, wholly in the town, but up to, and adjoining, the line

between the towns of Seward and Winnebago. It is not denied that the road was located upon a formal petition, after notices were given, and all the formal steps taken by the commissioners.

But it was urged that the commissioners were not authorized by law to locate a road adjoining the town line without the joint action of the highway commissioners of the adjoining town.

On a hearing, the court below affirmed the proceedings of the commissioners, and rendered judgment against petitioner for costs. And he brings the case to this court on a writ of error, and asks the reversal of the judgment of the court below.

Messrs. BROWER & TAYLOR, for the plaintiff in error.

Messrs. LATHROP & BAILEY, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding by writ of *certiorari*, directed to the commissioners of highways of the town of Seward, in the county of Winnebago, to certify the record and proceedings in the location of a road on the line between that and the town of Winnebago. The record was returned in answer to the writ, and, on the trial below, a stipulation was filed, agreeing upon the facts in the case, — that the road described in the petition for the *certiorari* is two miles in length, and is laid out and located in the town of Seward, but up to, and adjoining, the town line between the towns of Seward and Winnebago, in Winnebago county. Also, agreeing that the only question in the case is, whether the defendants, as highway commissioners of the town of Seward, could legally lay out and locate the road described in the petition, without the joint action of the highway commissioners of the town of Winnebago, as said road was laid out and located by them for its entire length up to, and adjoining, the town line between the towns of Seward and Winnebago, and also agreeing to submit the case to the court for trial.

It is claimed, that this case falls within section 85 of article 17 of the township organization law of 1861. That section, as it now stands, is this: "Whenever the commissioners of any town receive a petition praying the location of a new road, the alteration or discontinuance of an old one, on the line between two towns, such road shall be laid out, altered or discontinued by two or more of the commissioners of highways of each of said towns, either upon such line, or as near thereto as the convenience of the ground will admit, and they may so vary the same either to the one or other side of such line, as they may think proper. The petition, in such cases, shall be addressed to the commissioners of the two towns jointly, and presented to each in duplicate. It is insisted, that this section deprives the commissioners of either town of the power conferred by section one of the same article, to locate and establish a road adjoining, although not on, the town line, but entirely within one of the towns, and fully within their jurisdictional limits. The second clause of the section last named confers ample power for the purpose, and they may exercise the authority unless restrained by the eighty-fifth section.

In this case, the petition was addressed to the commissioners of the town of Seward, and they alone acted in locating the road. And there can be no pretense, that the proceeding was not under section one, or in conformity to the requirements of sections fifty-one, fifty-two, etc. By these sections, they were authorized to act anywhere within the limits of their township. And this road was, in its whole length, located by them within their township, and is undeniably within the letter of the law conferring jurisdiction on them. Neither the petition nor order establishing the road refers to it as being on the township line. It was altogether within the territorial jurisdiction of the town of Seward. There is nothing in the entire proceeding which indicates that it was intended by the petitioners or officers to be under the eighty-fifth section. This was no doubt a case where, if it had been desired, the road could have been located under the eighty-fifth section, but it was not under that provision.

We do not see that the eighty-fifth section has in the least abridged the power of the commissioners over roads in their towns. It has not declared, that, when it is desired a road shall be located near or adjoining to the town line, the action shall be joint. It has left them the sole right to act when the road is in their town; but when on the line and partly in two towns, it is different. Independent of this provision such a road could not have been established, as the commissioners of either separately, or both jointly, could not have acted. When it is designed that the road shall embrace the town line, extending partly into both, varying at places for the purpose of obtaining better ground, the jurisdiction attaches for joint action of the two towns, but when it is wholly in one town, such was not the design of this provision of the law. This is the language of the act, and it must mean what it says. We can see no necessity for a different construction. If the citizens of one town feel that they need a road in their own town near the town line, they have and should have the right to locate and maintain it without the consent of the citizens of the other town. But if such a road could only be located under the eighty-fifth section, the citizens and officers of the other town would have the power to prevent them from having such a road, however much the public necessity might require it, as it could only be located by the joint action of both bodies. If a road near a town line, but entirely in one of the towns, must be located by the joint action of both bodies, the question would then arise how far from the line it would have to be, to authorize the separate action of one of the towns. The statute has not specified the distance. But we are of the opinion that the commissioners of Seward had jurisdiction to locate the road in controversy, and that they did not exceed their power.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*